IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

DANIEL BONAFILIA, PAULA BURKE,
DANIELLE PETRANGELO AND ALL
OTHERS SIMILARLY SITUATED,
                    PLAINTIFFS,
v

TOWN OF AGAWAM and AGAWAM
POLICE DEPARTMENT,
                    DEFENDANTS

CIVIL ACTION NO.: 04-30011-MAP

FILING FEE PAID:
RECEIPT # 305482
AMOUNT $ 150.00
BY DPTY CLK MGh
DATE 1/20/04

## COMPLAINT

1. The Plaintiff, Daniel Bonafilia, is a resident of the Town of Agawam, Hampden County Massachusetts. He has been employed by the defendant as a patrolman with the Town of Agawam Police Department since August of 2001.

2. The Plaintiff, Paula Burke is a resident of the Town of is a resident of the Town of Agawam, Hampden County Massachusetts. He has been employed by the defendant as a patrolman with the Town of Agawam Police Department since approximately May 10, 2002.

3. The Plaintiff, Danielle Petrangelo is a resident of the Town of West Springfield, Hampden County Massachusetts. She has been employed by the defendant as a patrolman with the Town of Agawam Police Department since December of 2001.

4. The Plaintiffs bring this action for a declaratory judgement, injunctive relief, overtime pay, liquidated damages and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et. seq. (FLSA).

5. Defendant's willful violations of the FLSA include intentionally failing and refusing to pay Plaintiffs and other similarly situated employees all compensation due them under the FLSA and its implementing regulations.

## JURISDICTION

6. Jurisdiction over this action is conferred on this court by 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331 and 1337.

7. Declaratory Relief is authorized under 28 U.S.C. §§2201 and 2202.

8. This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b).

## PARTIES

9. Each of the Plaintiff is an employee, within the meaning of the FLSA §203(e), of the Town of Agawam and its Police Department..

10. The defendant, Town of Agawam is an employer within the meaning of 29 U.S.C. §203(d) and is the official governmental authority responsible for the organization, provision, management and operation of law enforcement within its jurisdiction.

11. The defendant, Agawam Police Department, is an employer within the meaning of 29 U.S.C. §203(d) and is an official department and agency of the Town of Agawam government authorized and established to provide the Town's law enforcement.

## FACTUAL BACKGROUND

12. Plaintiffs are not covered by the partial public safety exemption under 29 U.S.C. §207(k).

13. Plaintiff's are entitled to receive credit for time worked over forty hours in a week at the rate of time and one half their regular rate of pay.

14. On or about the Fall of 2002, the plaintiffs Union negotiated a collective bargaining agreements with the Town of Agawam. This collective bargaining agreement covered terms and conditions of employment for the period beginning July 1, 2001 through and including June 30, 2004. With some exceptions, the terms and conditions of employment described in these contracts were the same.

15. Both collective bargaining agreements provide for its employees to work four days followed by two days off.

16. The collective bargaining agreement provides employees with police career incentive pay increases in accordance with M.G.L. c. 41 §108L (commonly referred to as the "Quinn Bill"). These increases in base pay were predicated on the accumulation of points which corresponded to a particular employee's semester hour credit earned toward a baccalaureate or an associate degree.

17. The Plaintiff's were entitled to increased base pay under the career incentive provision of the collective bargaining agreement and M.G.L. 41 §108L.

18. The career incentive as described in paragraph 15 above was paid to the plaintiff's but was erroneously not included in the calculation of the plaintiff's regular rate of pay under 29 C.F.R. Part 778.

19. Both collective bargaining agreements provided employees with Shift Differential Pay and Longevity Pay.

20. The additional pay described in paragraph 17 above was paid to the plaintiff's but was erroneously not included in the calculation of the plaintiff's regular rate of pay under 29 C.F.R. Part 778.

21. Defendants have miscalculated the regular rate of pay for plaintiffs under 29 C.F.R. 778.

22. The plaintiff's collective bargaining agreement requires them to work an extra 10 minutes per 8 hour shift for attendance at roll call. The plaintiffs were each paid, on an annual basis, a lump sum as compensation for attendance at roll call. The plaintiffs were not paid the appropriate rate of overtime generated by their required attendance at daily roll call nor were they paid such wages within the time frame required by the FLSA.

23. The defendants have violated and continue to violate the FLSA by failing and refusing in a willful and intentional manner to pay plaintiff's and other similarly situated employees all overtime compensation due them under the FLSA and its implementing regulations.

WHEREFORE, Plaintiffs respectfully request that this court:

a. Enter declaratory judgement that defendants have wilfully and intentionally violated its statutory obligations and deprived the plaintiffs of their entitlement under the law, as alleged herein;

b. Enjoin the defendants from continuing to violate the FLSA in the Manner described in this complaint;

c. Order that plaintiffs roll call pay be paid as soon as practicable after having worked such roll call;

d. Order defendants, under the supervision of Plaintiff's counsel or their designated agents or representatives, to make a complete and accurate accounting of all FLSA time and corresponding payments due to each Plaintiff for hours worked since July 1, 2001

e. Enter judgement under the FLSA Section 216 against the Defendants for all sums found due each Plaintiff;

f. Award each Plaintiff monetary liquidated damages equal to their unpaid FLSA compensation, plus interest;

g. Award Plaintiffs their reasonable attorney's fees and costs of this action to be paid by the Defendants; and

h.      Grant such other and further relief as the court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Respectfully Submitted,

The Plaintiffs
By their attorney,

*[signature]*

John Connor, Esq
Moriarty and Connor, LLC
101 State Street, Suite 501
Springfield, MA 01103
BBO#629185
Tel# 827-0777
Fax#827-8867

January 20, 2004