UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 04-30011

| | |
|---|---|
| DANIEL BONAFILIA, ET ALS,  )<br>        Plaintiffs    )<br>                            )<br>    v.                      )<br>                            )<br>TOWN OF AGAWAM, ET AL,      )<br>        Defendants          ) | DEFENDANTS' ANSWER |

Defendants answer the numbered paragraphs of Plaintiffs' complaint as follows:

1. Defendants admit.

2. Defendants admit.

3. Defendants admit.

4. No answer is required. To the extent an answer is required, Defendants deny the allegation.

5. Defendants deny.

6. The allegation calls for a conclusion of law, therefore no answer is required. To the extent an answer is required, Defendants deny the allegation.

7. The allegation calls for a conclusion of law, therefore no answer is required. To the extent an answer is required, Defendants deny the allegation.

8. The allegation calls for a conclusion of law, therefore no answer is required.

9. Defendants admit.

10. Defendants admit.

11. Defendants admit.

12. The allegation calls for a conclusion of law, therefore no answer is required.

1

13. Defendants do not understand what the plaintiffs mean by "receive credit for," and therefore cannot admit or deny the allegation. To the extent an answer is required, Defendants deny the allegation.

14. Defendants do not understand what the plaintiffs mean by the plural words "agreements" and "contracts," and do not understand what the plaintiffs mean by the sentence, "With some exceptions, the terms and conditions of employment described in these contracts were the same." Therefore, Defendants cannot admit or deny the allegations. To the extent an answer is required, Defendants deny the allegations.

15. Defendants do not understand what the plaintiffs mean by "both collective bargaining agreements." Therefore, Defendants cannot admit or deny the allegations.

16. Defendants admit.

17. The allegation calls for a conclusion of law, therefore no answer is required.

18. Paragraph 15 does not mention "career incentive," and therefore Defendants do not understand the allegation in Paragraph 18 and therefore cannot admit or deny the allegation.

19. Defendants do not understand what the plaintiffs mean by "both collective bargaining agreements." Therefore, Defendants cannot admit or deny the allegations.

20. Defendants admit that the additional pay described in paragraph 17 was paid (to the extent that the plaintiff was entitled to it), but the rest of the allegation in Paragraph 20 calls for a conclusion of law, and therefore no answer is required as to the rest of the allegation in Paragraph 20.

21. The allegation calls for a conclusion of law, therefore no answer is required. To the extent an answer is required, Defendants deny the allegation.

22. Defendants admit the first two sentences of Paragraph 22, but the third sentence calls for a conclusion of law, and therefore no answer is required as to the third sentence. To the extent an answer is required as to the third sentence, Defendants deny the allegation.

23. Defendants deny.

Defendants deny that Plaintiffs are entitled to the relief they request.

## FIRST AFFIRMATIVE DEFENSE
The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs received more overtime compensation than the FLSA entitled them to receive. The overtime compensation that was paid to Plaintiffs under the collective bargaining agreement offsets the overtime compensation Plaintiffs claim they are owed under the FLSA.

## THIRD AFFIRMATIVE DEFENSE

The FLSA's provisions regarding municipal police officers are unconstitutional. They exceed Congress's authority under the Commerce Clause.

THE DEFENDANTS
By Their Attorney:

_____
David A. Robinson
935 Main Street
Springfield, MA 01103
Tel. (413) 739-4412
BBO# 422880

## CERTIFICATE OF SERVICE

I certify that on this 17th day of March 2004, I served a true copy of the foregoing document by mailing it, postage prepaid, to Plaintiffs' attorney, John Connor, Esq., Moriarty and Connor, LLC, 101 State Street, Suite 501, Springfield, MA 01103.

_____

3